## J. Frank Barr et al. v. Obadiah S. Ward.

Filed May 3, 1893.   No. 4884.

1. **Action on Bond**: Trial: Admissibility of Evidence. Plaintiffs in error, as sureties, signed a bond to a manufacturing company that one W. would pay for all goods to be furnished him by the manufacturing company ; one Ward brought suit on this bond against the sureties, alleging that on the date thereof the manufacturing company sold a bill of goods to W.; that he had not paid for the same, and that the manufacturing company had assigned the account to Ward. To sustain this allegation at the trial he offered in evidence a note made by W. to the manufacturing company of the same date as the bond, with evidence that the note was given "for goods delivered, or to be delivered," by the manufacturing company to W. *Held,* Irrelevant under the pleadings.

2. ———: ———: ———: Pleading: Sureties: Review. The petition against the sureties also contained a second cause of action, claiming damages for expenses Ward had been put to in prosecuting his claim against W. to judgment. *Held,* Not to state a cause of action against the sureties.   On the trial plaintiff was permitted to read in evidence to the jury protest of the note, showing protest charges, and a transcript of a judgment rendered on said note in favor of Ward, showing constable and justice of the peace costs. *Held,* Error.

Error from the district court of Lancaster county. Tried below before Field, J.

*W. Henry Smith,* for plaintiffs in error.

*Abbott, Selleck & Lane, contra.*

Ragan C.

Obadiah S. Ward sued J. Frank Barr and F. L. Everts and E. J. Witte in the district court of Lancaster county. The substance of his petition was as follows: That on the 7th day of February, 1889, the defendant Witte, as principal, and Barr and Everts, as sureties, executed and

delivered a bond to the Western Manufacturing & Novelty Company in the penal sum of one thousand dollars, conditioned that the said Witte should pay for all goods bought by him of said novelty company. A copy of the bond is set out in the petition, the important clauses of which are as follows:

"Whereas, The Western Manufacturing & Novelty Company * * * has entered into a contract with E. J. Witte to furnish and sell him from time to time goods, wares, and merchandise on credit: * * *

"Now, therefore, the said E. J. Witte, as principal, and J. Frank Barr and F. L. Everts, as sureties, are held and firmly bound unto the said Western Manufacturing & Novelty Company in the penal sum of one thousand dollars, * * * that the said E. J. Witte will well and faithfully pay for said goods, wares, and merchandise so to be furnished and sold to him under said contract, and that he will do so within the time agreed upon between himself and said company."

The petition also contained a copy of the contract mentioned in the bond, but it is not quoted, as it is not material here. The petition further alleged that, in pursuance of the contract, the novelty company did, on the 7th day of February, 1889, sell to E. J. Witte a bill of goods amounting in value to the sum of $188.50; that afterwards, to-wit, on or about the —— day of February, 1889, the Western Manufacturing & Novelty Company assigned the account for said goods to the plaintiff; that Witte had not paid said sum, or any part thereof; that the plaintiff had prosecuted a suit to judgment against Witte, and execution had been returned, "No property found."

For a second cause of action the plaintiff alleged that his necessary costs and expenses incurred in the prosecution of said claim against the said Witte amounted to the sum of $65, with the usual prayer for judgment against the defendants.

The answer was in effect a general denial.

There was a trial to a jury, verdict and judgment for the plaintiff, and the sureties, Barr and Everts, on whom alone there was service, bring the case here for review.

In order for the plaintiff to recover on his first cause of action it was necessary for him to prove by competent testimony that the Western Manufacturing & Novelty Company had, since the execution of said bond, sold to Witte a bill of goods; that the right of action of the Western Manufacturing & Novelty Company therefor had been assigned to the plaintiff, and that the goods were unpaid for. There is no proof in this record that the Western Manufacturing & Novelty Company sold a bill of goods to Witte after the execution of the bond and assigned the account therefor to the plaintiff.

As to the second alleged cause of action in the petition, it does not state a cause of action against the plaintiffs in error, and no evidence whatever of any character was competent to be introduced under the said second alleged cause of action.

On the trial the plaintiff offered in evidence a note bearing date February 7, 1889, for $188.50, payable to the order of the Western Manufacturing & Novelty Company, and signed by E. J. Witte. This note bore an indorsement without date as follows: "The Western Manufacturing & Novelty Company, G. B. Cameron, Sec'y." To the introduction in evidence of this note the defendants objected on the ground of its being incompetent testimony. The court overruled the objection and permitted the note to be read in evidence to the jury. This was error. If the note was offered for the purpose, as it seems to have been, of showing that Witte bought goods of the Western Manufacturing & Novelty Company after the date of the bond, and gave this note therefor, then it was incompetent under the pleadings. It did not meet the allegation of the petition, as that does not declare on a note at all, but on an as-

signed account for goods sold and delivered. If it was claimed that Witte had bought goods of the Western Manufacturing & Novelty Company after the execution of the bond; that he had given this note for those goods, and the note had been sold to the plaintiff, the petition should have so alleged, and until the pleadings were amended the note could not go in evidence. The counsel for plaintiff, so far as this record discloses, made no application to the court for leave to amend his petition.

It was incompetent for another reason. Assuming it to be an account against Witte for goods sold and delivered to him by the Western Manufacturing & Novelty Company, and there is some testimony which tends to show that it was given for goods, there is no evidence in the record to show when the goods were sold to Witte, if at all, and there is no evidence whatever that the indorsement on the back of this note was made by G. B. Cameron, the secretary of the company, to say nothing about the lack of proof as to Cameron's authority to sell the company's notes.

There is still another error in admitting this note in evidence. The note was offered, together with the protest of the same, and they all went in together. I do not know under what theory the plaintiff could have offered in evidence this protest, except it was to sustain his allegation of damages in his second cause of action; and as we have already seen, no evidence could be adduced under that cause of action. The contract of the sureties on Witte's bond was not to pay costs and expenses incurred by anybody in suing Witte for goods sold to him by the Western Manufacturing & Novelty Company, nor was their contract to pay protest fees on notes given by Witte to that company. Their contract was to pay for the goods that he bought, and being sureties, they are entitled to have this contract construed with the greatest strictness, and it can be extended in no particular to make them liable beyond the very letter of their contract.

On the trial the plaintiff also put in evidence, over the objection of the defendants, a transcript of the proceedings before a justice of the peace in a suit brought by the plaintiff against Witte and a large number of others on the note above referred to. This was error. First, it was incompetent under the pleadings, as this suit is not a suit upon a judgment, and there is no foundation laid for the introduction of any such transcript. It was probably introduced in evidence to support the damages alleged by the plaintiff in his second cause of action.

The court below, notwithstanding the pleadings, tried this case upon the theory that the note above mentioned was given by Witte to the Western Manufacturing & Novelty Company after the execution of the bond sued on for goods purchased by Witte, and that the note stood for an account, and the indorsee of the note stood in the place of the assignee of the account. Aside from the fact that this theory was wholly incompetent under the allegations of the plaintiff's petition, there is absolutely no proof in this record as to when, if ever, the Western Manufacturing & Novelty Company sold any goods to Witte. There was some testimony which tended to show that the note was given for goods delivered, or to be delivered, by the novelty company to Witte.

The plaintiff in his direct testimony testified that he had a talk with Barr, one of the defendant sureties, "and Mr. Barr admitted that it (the note) was given for goods delivered, or to be delivered." This testimony was not competent as against the other surety, Everts, and counsel for defendants should have objected to it on that ground. It was probably competent to go to the jury for whatever it was worth as against Barr; and even this admission is denied by Barr. And the so-called admission and its denial constitute all the evidence on the subject as to the consideration for the note. The plaintiff was also asked:

Barr v. Ward.

Q. Did you ever, at any time, have a conversation with Witte regarding the payment of this note?

A. Yes, sir.

Q. State what was said, if anything, in regard to the signature on the note.

This was objected to by defendants' counsel on the ground that Witte was not a competent witness. The objection was overruled, and the witness answered:

·· A. Mr. Witte said he gave this note for the purpose of getting goods.

This answer was not responsive to the question and could have been struck out, and probably would have been if counsel for the defendants had asked it.

The court then asked this question of the plaintiff:

Q. That is, the note was for the purpose (of getting goods)?

A. Well, yes.

This testimony was clearly incompetent and its admission was highly prejudicial to the defendants, but strange enough there was no objection made by their counsel to the question of the court.

As the case has to be tried again, it may be well to observe that the admissions or declarations of Witte, the principal, are not competent evidence against the sureties.

For the foregoing reasons the judgment of the district court is reversed and the cause remanded to the court below with instructions to grant the plaintiffs in error a new trial.

REVERSED AND REMANDED.

THE other commissioners concur.